# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 3, 2014 Session

## STATE OF TENNESSEE v. CARL MILLER, JR.

**Appeal from Criminal Court for Shelby County**
**No. 10-03135     Paula K. Skahan, Judge**

---

**No. W2014-00054-CCA-R3-CD  -  Filed November 3, 2014**

---

A Shelby County grand jury indicted Defendant, Carl Miller, Jr., for aggravated sexual battery, sexual battery by an authority figure, and rape. Defendant was tried before a jury. Over the objection of Defendant, the trial judge declared a mistrial based on manifest necessity. Thereafter, Defendant moved to dismiss the indictment based on double jeopardy. The trial court denied the motion. Defendant entered a plea of guilty to rape, reserving a certified question related to the trial court's denial of the motion. Following our review of the record and the applicable law, we affirm the trial court's denial of the motion to dismiss the indictment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Blake D. Ballin, Richard S. Townley, Memphis, Tennessee, for the appellant, Carl Miller, Jr.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel E. Willis, Senior Counsel, William L. Gibbons, District Attorney General, Carrie Shelton and Abby Wallace, Assistant District Attorneys General, for State of Tennessee.

## OPINION

The jury trial of Defendant began on March 25, 2013, and the proof was concluded on March 28. During jury deliberation on Good Friday, March 29, the trial judge received information concerning potential jury tampering. The trial judge conducted a jury-out hearing in which the judge, district attorney, and defense attorney questioned witnesses.

Sergeant Anthony Buckner testified that he learned a deputy assigned to Homeland Security, Charles Govan, had been speaking to two members of the jury about the case. When confronted, Deputy Govan explained to Sergeant Buckner that he told the jurors to "hurry the hell up, this case is just he said/she said, what was taking so long." Sergeant Buckner then separated the two jurors from the rest of the jury and advised the judge.

Following Sergeant Buckner's testimony, the State moved for a mistrial. Defendant objected and asked to question the two jurors. The trial court granted the Defendant's request.

The first juror stated that as the jury was coming back from lunch, a deputy approached her and said, "--the case that you all [sic] on, he said I haven't read anything or I haven't heard anything about it, but he said the guy have [sic] a couple of sex tapes and you only have circumstances [sic] evidence" and "when you get back up there, get y'all's s*** together." When asked by the judge what she understood Deputy Govan's comments to mean, the juror answered, "Find him innocent maybe." The juror testified she did not want to continue to deliberate, but when pressed by defense counsel said she "could try."

The second juror testified that the deputy told her, "That he hadn't heard about the case, he doesn't know what's going on, that it was just some sex tapes, and when we go back upstairs we know what to do, and we need to get this 'S' over." She said the deputy's comments made her feel nervous but that she could continue to deliberate and be fair and impartial.

The remaining ten jurors were called separately, and each stated no one had spoken to them. Following the testimony, the trial judge granted the State's motion for a mistrial based on manifest necessity. There was no alternate juror available.

On August 8, 2013, Defendant filed a motion to dismiss all charges in the indictment arguing that there was a feasible alternative to declaring a mistrial, that there was no manifest necessity for a mistrial, and that subsequent prosecution was barred by double jeopardy. The motion was denied.

On December 13, 2013, Defendant entered a conditional guilty plea to B-felony rape and was sentenced to eight years at 100%. With the consent of the State and the trial judge, Defendant reserved the following certified question of law:

> Whether the trial court erred in denying Defendant's motion to dismiss the indictment based on double jeopardy where the court declared a mistrial in the first trial based on potential jury tampering by a sheriff's deputy when one of

the affected jurors indicated that she could disregard the statements and go back to deliberations, and the other affected juror indicated that she didn't want to continue deliberating but that she could try.

We conclude the certified question complies with the requirements of Rule 37(b)(2)(A) of the Rules of Criminal Procedure.

Legal Analysis

The Fifth Amendment to the United States Constitution and Article I, Section 10 of the Tennessee Constitution prohibit *inter alia* putting a person's "life or limb" in jeopardy twice for the same offense. Historically, the general rule of practice was that when a jury is impaneled and sworn in a criminal trial, "the discharge of the jury without the consent of the accused is equivalent to an acquittal of that charge." State v. Theodore R. Malouf, 287 S.W.2d 79, 81 (Tenn. 1956). There are however exceptions to the rule. The manifest necessity doctrine was first recognized as an exception by the United States Supreme Court in United States v. Perez, 22 U.S. (9 Wheat) 579 (1824), in which Justice Story stated:

> We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.

Perez, 22 U. S. at 580.

Tennessee adopted the manifest necessity exception in Mahala v. State , 18 Tenn. 532 (1837). Our supreme court in State v. Smith, 871 S.W.2d 667 (Tenn. 1994) explained the purpose of the exception as follows:

> The doctrine of "manifest necessity" safeguards the accused's right to have his trial completed by a particular tribunal, while at the same time preserving "the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter,* 336 U.S. at 689, 69 S.Ct. at 837; *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978); *Etter v. State,* 185 Tenn. 218, 205 S.W.2d 1, 3 (1947).

> Both the United States Supreme Court and this Court have adopted certain principles which guide the application of the doctrine by trial courts. First, the determination of whether to grant a mistrial and allow a retrial rests within the

sound discretion of the trial court. Second, when determining whether a mistrial is appropriate, trial courts should not mechanically apply an abstract standard, but instead should consider all relevant factual circumstances of the particular case. *See Arizona v. Washington,* 434 U.S. at 506, 98 S.Ct. at 831; *Mounce,* 859 S.W.2d at 322; *Williams,* 827 S.W.2d at 808. Third, the burden of proving manifest necessity rests on the State. Finally, retrial will not be prohibited by double jeopardy principles where the ends of justice, under the circumstances, would otherwise be defeated, or where the circumstances show that a fair and unbiased trial could not be had, or where any unforeseen emergency, contingency, or happening after the empaneling of the jury prevents the trial from going forward according to orderly and established legal procedure. *Illinois v. Somerville,* 410 U.S. 458, 462, 93 S.Ct. 1066, 1069, 35 L.Ed.2d 425 (1973); *Jones v. State,* 218 Tenn. 378, 403 S.W.2d 750, 753 (1966).

Smith, 871 S.W.2d at 672.

We determine that the trial judge considered "all relevant factual circumstances of the case" before declaring a mistrial. The trial judge conducted a jury-out hearing in which Sergeant Buckner was questioned about what he knew, and the two affected jurors were examined about what they had been told and about whether they could continue with deliberation.

The attorney for Defendant was provided the opportunity to ask questions of these witnesses. There was no alternate available to replace either juror.

We conclude that the trial court did not abuse its discretion in declaring a mistrial based on manifest necessity. Concerning the certified question reserved by the Defendant, we hold that the trial court did not err in denying the motion to dismiss the indictment. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE